DEVIN COYLE (SBN 267194)
devin@coylebrownelaw.com
DAVID BROWNE (SBN 261345)
david@coylebrownelaw.com
STEPHANIE BAKER (SBN 329950)
stephanie@coylebrownelaw.com
COYLE BROWNE LAW
1999 Harrison Street, Suite 1800
Oakland, CA 94612-4700
Tel: 510-584-9020 / Fax: 800-421-8057

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Bolanos,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>San Francisco Bay Area Rapid Transit District (BART); Officer Darnell Bussey; Officer Carlos Dazhan, individually and in their official capacities as police officers for Bay Area Rapid Transit,<br><br>　　　　Defendants. | Case No.<br><br>Complaint for Violation of Civil Rights and Other Wrongs<br><br>42 U.S.C. § 1983<br><br>Jury Trial Demanded |

COMPLAINT

## I. INTRODUCTION

1. This is a civil rights complaint arising from BART police officers' racial profiling, unlawful seizure, and brutality of Plaintiff William Bolanos on February 12, 2020.

2. BART police officers needlessly and recklessly confronted, detained and beat Mr. Bolanos at the Coliseum BART Station even though he was not a threat and had not shown any signs of aggressive or violent behavior. The same officers released him an hour later.

3. Defendants' actions were bias motivated and deprived Mr. Bolanos of his right to be free from unreasonable searches and seizures; to equal protection of the laws and to due process of law; to be free from the use of excessive and/or arbitrary force; and to be free from unreasonable, summary punishment, all guaranteed by the United States Constitution.

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343 in that the claims alleged herein arise under the laws of the United States.

## III. VENUE

5. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged in this complaint arose within this district and Defendants perform their official duties in this district.

## IV. INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-2, this action may properly be assigned to the San Francisco or Oakland divisions of this court.

## V. PARTIES

7. Plaintiff WILLIAM BOLANOS has been and is a resident of the state of California and is a United States Citizen.

8. Defendant BAY AREA RAPID TRANSIT ("BART") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California that manages and operates the BAY AREA RAPID TRANSIT POLICE DEPARTMENT.

9. Defendant DARNELL BUSSEY is employed by Defendant BART as a police officer. He is being sued in his individual and official capacity as a police officer for BART.

10. Defendant CARLOS DAZHAN is employed by Defendant BART as a police officer. He is being sued in his individual and official capacity as a police officer for BART.

## VI. GENERAL ALLEGATIONS

### A. FACTS

11. On February 12, 2020, at approximately 1:45 pm, Plaintiff William Bolanos, a 20-year-old African American male, was waiting for the elevator at the Coliseum BART Station, located at 7200 San Leandro Street, Oakland, CA 94621.

12. Mr. Bolanos was on his way to First Place for Youth in downtown Oakland. Mr. Bolanos was aging out of the foster care system and had made an appointment to receive housing assistance.

13. Mr. Bolanos had his headphones in and was singing along to a song.

14. While Mr. Bolanos waited for the elevator, BART police officers Darnell Bussey and Carlos Dazhan approached and grabbed him. One of the officers said he fit the description of a suspect in a sexual assault investigation. Mr. Bolanos was in no way involved in a sexual assault or any other criminal activity. Mr. Bolanos told the officers they had the wrong person.

15. Suddenly and without cause, officers Bussey and Dazhan violently detained and brutalized Mr. Bolanos, even though he was not a threat and had not shown any signs of aggressive or violent behavior.

16. The officers used their body weight to force Mr. Bolanos to the ground. To prevent the officers from pinning him down and causing severe bodily injury or death, Mr. Bolanos tried to remain on his feet.

17. The officers pulled Mr. Bolanos's pants completely off.

18. Officer Bussey used his knee, elbow, and fist to press Mr. Bolanos's neck down into the edge of a concrete stair.

19. Officer Bussey grabbed Mr. Bolanos's dreadlocks and used them to pull his head and neck down. The Officer pulled with such force that several of Mr. Bolanos's dreadlocks were ripped from his head.

20. The officers continued pushing their weight into Mr. Bolanos's neck and face even after he cried out that he could not breathe.

21. A crowd of concerned bystanders gathered, several of whom yelled at the officers, telling them to stop.

22. One witness recorded two and a half minutes of the beating on her cell phone.

23. Mr. Bolanos desperately cried out that they were trying to kill him.

24. Officer Bussey put his arm around Mr. Bolanos's neck and pulled Mr. Bolanos back down to the ground.

25. Several yet-to-be identified BART officers arrived and Mr. Bolanos was handcuffed and detained in a police cruiser.

26. Mr. Bolanos was bruised, bleeding, and severely traumatized. An ambulance arrived on scene but the officers did not allow the medics to treat Mr. Bolanos because they were not done talking to him.

27. After approximately 15 minutes, the officers let Mr. Bolanos receive medical attention while in handcuffs in the back of a police car. One officer told Mr. Bolanos they were going to take him to the station. The officers kept Mr. Bolanos in the car for over thirty minutes without his pants or shoes.

28. At approximately 2:45 pm, the officers gave Mr. Bolanos his pants and released him. The certificate of release -- signed by Officer Bussey -- stated that Mr. Bolanos was detained for resisting arrest. No formal arrest was ever made.

29. As a result of this unprovoked, unjustified, and unconstitutional beating, Mr. Bolanos suffered, and continues to suffer, severe emotional distress.

30. Mr. Bolanos also suffered physical injuries. Following the incident, Mr. Bolanos's cousin took him to a hospital, where he received treatment for pain in his chest, right wrist, and left hand.

31. The acts and omissions of BART Officers were objectively unreasonable under the circumstances without legal justification or other legal right, done under color of law within

1  the course and scope of their employment as law enforcement officers, and pursuant to
2  unconstitutional customs, policies and procedures of BART and/or other jurisdictions.
3      32.    The officers who failed to intervene or prevent harm to Mr. Bolanos when their
4  colleagues were depriving Mr. Bolanos of his constitutional rights additionally violated Mr.
5  Bolanos's constitutional rights by failing to intervene.
6      33.    Mr. Bolanos alleges that BART breached its duty of care to the public by failing
7  to discipline its officers. BART's failure to discipline demonstrates the existence of an
8  entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate
9  indifference the making of improper detentions and arrests, lack of proper training, the use of
10 excessive force and the fabrication of official reports to cover up misconduct by BART police
11 officers.
12     34.    Mr. Bolanos alleges that members of the Bay Area Rapid Transit Department
13 engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force
14 against individuals, including, but not limited to Mr. Bolanos.
15     35.    Mr. Bolanos further alleges that BART unreasonably, and with deliberate
16 indifference to the factual matters raised in its investigation of the subject-incident, ratified the
17 use of unreasonable force by Defendants Bussey and Dazhan.
18     36.    The actions and omissions of each Defendant were despicable, conscience-
19 shocking, negligent, reckless, deliberately indifferent to Mr. Bolanos's rights, and objectively
20 unreasonable.
21     37.    On February 13, 2020, an investigation was opened through BART's Office of the
22 Independent Police Auditor (*OIPA Case #20-07)*.
23     38.    On January 7, 2021, BART's own Office of the Independent Police Auditor found
24 that Mr. Bolanos's allegations of unlawful arrest/detention and excessive or unnecessary use of
25 force (force related to an improper detention) were **SUSTAINED** against both Bussey and
26 Dazhan.
27 //
28 //

4

COMPLAINT

**B. DAMAGES**

39. As a proximate result of Defendants' violations of Mr. Bolanos's federal civil rights under 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments, Mr. Bolanos was physically, mentally, and emotionally injured and damaged.

40. Mr. Bolanos is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

    a. Mr. Bolanos found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of attorneys' fees and/or costs pursuant to 42 U.S.C. §§ 1983 and 1988.

## VII. CLAIMS

**FIRST CAUSE OF ACTION**

**Unlawful Seizure**

**(42 U.S.C. Section 1983)**

**(Violation of the Fourth Amendment of the United States Constitution)**

**(Against Defendants Bussey and Dazhan,)**

41. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if fully set forth here.

42. At the time Defendant Officers seized Plaintiff, they did not have reasonable suspicion and/or probable cause to make a detention and/or arrest. Instead, Defendant Officers violently threw him to the ground, pushed their body weight into him, restricted his ability to breathe, and pulled his hair. These actions violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION**

**Excessive Force**

**(42 U.S.C. Section 1983)**

**(Violation of the Fourth Amendment of the United States Constitution)**

**(Against Defendants Bussey and Dazhan)**

43. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if fully set forth here.

44. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

45. Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

46. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

47. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

48. Plaintiff posed no threat to the Defendant Officers and there was no need for the use of any force against Plaintiff.

49. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by Bay Area Rapid Transit and the BART Police Department.

50. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

51. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional

distress, pain and suffering, fear, trauma, humiliation, and further damages according to proof at the time of trial.

52. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

## THIRD CAUSE OF ACTION

**Monell - Municipal Liability for Unconstitutional Custom or Policy**

**(42 U.S.C. Section 1983)**

**(Against Defendant Bay Area Rapid Transit)**

53. Plaintiff reasserts and incorporates by reference all preceding paragraphs as if fully set forth here.

54. On information and belief, Defendants Bussey and Dazhan's conduct individually and as peace officers was ratified by BART and the BART Police Department.

55. On information and belief, Defendants were not properly disciplined for their use of excessive force against Plaintiff.

56. On and for some time prior to February 12, 2020 (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth, and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining police officers and other personnel, including Defendants, individually and as peace officers, who at all times material herein they knew or reasonably should have known had dangerous propensities for abusing their authority and/or mistreating citizens by failing to follow written BART Police Department policies, including the use of excessive force;

    b.    Inadequately supervising, training, controlling, assigning, and disciplining BART Police officers, and other personnel, including Defendants whom BART knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of BART;

    d.    Failing to discipline BART Police Officers for conduct including, but not limited to, unlawful seizures and excessive force;

    e.    Ratifying the intentional misconduct of Defendants Bussey and Dazhan among other BART Police Officers;

    f.    Having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, as well as inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    g.    Failing to properly investigate claims against BART Police Officers for unlawful seizure or excessive force.

57.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering for which Plaintiff is entitled to recover damages.

58.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

59. By perpetrating, sanctioning, tolerating and ratifying outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

60. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

## VIII. RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive and exemplary damages as to the individual defendants;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper

## IX. JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

## X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: November 19, 2021                COYLE BROWNE LAW

/s/ Stephanie Baker
Stephanie Baker
*Attorneys for Plaintiff*